NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. FAGAN,<br><br>                                  Plaintiff,<br><br>v.<br><br>BRET T. BARNHISER, NANOLOGIX, INC., DR. JONATHAN FARO, DR. SEBASTIAN FARO,<br><br>                                Defendants. | Civil Action No.: 24-06012<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on defendants Dr. Jonathan Faro and Dr. Sebastian Faro (collectively, "the Faros" or "the Faro Defendants") motion to dismiss (ECF No. 17, "MTD"), which seeks the dismissal of *pro se* plaintiff Thomas Fagan's ("Plaintiff") complaint (ECF No. 1, "Complaint"). Plaintiff opposed the motion to dismiss (ECF No. 21, "Pl. Opp."), and the Faro Defendants replied (ECF No. 22, "Def. Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Faro Defendants' motion to dismiss (ECF No. 17) is **GRANTED**.

**II.   BACKGROUND**[1]

On May 10, 2024, Plaintiff filed a Complaint against, among others, the Faros. Complaint ¶¶ 1, 28. Plaintiff asserts that he is pursuing a "direct action" against all defendants relating to the operation of Nanologix. *Id.* ¶ 1.

---

[1] For the purposes of this motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

1

Nanologix was formed in 1989, and it developed and commercialized certain biotech technologies. *Id.* ¶ 10. Plaintiff alleges that, under the direction and control of the defendants, Nanologix was mismanaged and that corporate formalities were disregarded. *Id.* ¶ 11. Although Plaintiff alleges that he is currently an individual shareholder of Nanologix, he does not specify the date he bought his shares. *Id.* ¶ 2 ("The Plaintiff acquired shares in [Nanologix] and presently maintains his ownership interest until the present date."). According to the Complaint, Defendant Bret T. Barnhizer ("Barnhizer")[2] was the CEO of Nanologix until he resigned on December 31, 2023. *Id.* ¶ 3. Plaintiff also alleges that the Faros were Directors of Nanologix, and that each has a last known address in Houston, Texas. *Id.* ¶¶ 4-5. Plaintiff further alleges that Nanologix was a Delaware-incorporated company with a business address located in Ohio. *Id.* ¶¶ 2, 5.

Plaintiff claims that, beginning in 2015, Nanologix failed to pay its franchise taxes, which remain unpaid in the total amount of over $400,000.00. *Id.* ¶ 11. Plaintiff alleges that, in March 2018, Nanologix was declared void by the State of Delaware for failing to pay franchise taxes. *Id.* ¶¶ 1, 12. Plaintiff further alleges that, after the State of Delaware declared it void, Nanologix was evicted from its business premises because of non-payment of rent. *Id.* ¶ 1. Plaintiff also alleges that Nanologix's essential services, like its telephone lines, were disconnected. *Id.* And Plaintiff further alleges that Nanologix continued operations after it was declared void by the State of Delaware, and that the defendants' actions and omissions directly harmed Nanologix's shareholders in an unspecified way. *Id.* ¶¶ 1, 12. Plaintiff contends that Nanologix did not make any efforts to rectify its status in Delaware or inform the company's shareholders. *Id.* ¶ 12.

---

[2] Defendants Barnhizer and Nanologix are not included in the instant motion to dismiss and have not appeared in this matter. It is unclear whether defendants Barnhizer and Nanologix were properly served under Federal Rule of Civil Procedure 4. *See* ECF No. 16 (Plaintiff Fagan noting issues with effectuating service on defendants Barnhizer and Nanologix). The Court also notes that defendant Barnhizer's name was misspelled as "Barnhiser" in the Complaint. *See* MTD at 3, n. 2.

Plaintiff claims that after Nanologix was declared void, the company undertook private investment in public equity offerings to raise funds. *Id.* ¶ 13. According to Plaintiff, Nanologix falsely represented in filings with the SEC that it was a Delaware corporation in good standing. *Id.* ¶ 14. Plaintiff contends that these alleged actions exposed Nanologix's shareholders to unforeseeable financial risks. *Id.* ¶ 13. Plaintiff further alleges that Nanologix was delisted as a traded stock "from the Over the Counter OTC bulletin board approximately three years ago due to its non-compliance with updated listing rules." *Id.* ¶ 15. Plaintiff contends that Nanologix's shareholders "were kept in the dark" about this development and the company's efforts to get the stock relisted. *Id*.

Plaintiff alleges that the defendants, and particularly Barnhizer, refrained from communicating with Nanologix's shareholders and that Nanologix has not held a shareholder meeting or elected directors since at least 2018. *Id.* ¶ 16.

Plaintiff alleges that, during Nanologix's operation, two "significant technologies" were patented in the names of Jonathan Faro and Barnhizer. *Id.* ¶ 17. According to Plaintiff, "various sources and communications including company authorized press releases have either directly stated or implied these technologies as being the property of the Corporation." *Id.* The Complaint continues that "[i]t is now believed that the Defendants, in another act of self-dealing, are claiming personal ownership of these technologies, depriving the Corporation and its shareholders of potential benefits and revenue." *Id.* ¶ 18.

Although not stated explicitly in the Complaint, the claims against the Faros, appear to be for breach of fiduciary duty, misrepresentation, and gross mismanagement. *Id.* ¶¶ 21-85.

### III.  LEGAL STANDARD

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d. Cir. 2007) (citing *St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d. Cir. 2000)); *Kauffman v. Dreyfus Fund. Inc.*, 434 F.2d 727, 733 (3d Cir. 1970).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). One key aspect of this case-or-controversy requirement is standing. *Lance*, 549 U.S. at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pennsylvania*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. *Nat'l Collegiate Athletic Ass'n v. Gov, of N.J.*, 730 F.3d 208, 218 (3d. Cir. 2013) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff must demonstrate a plausible claim of standing. *See id*. In assessing a *pro se* plaintiff's complaint, the Court construes

a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-cv-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### IV. DISCUSSION

The Faro Defendants assert that Fagan is bringing a derivative suit and that he lacks standing to do so for various independent reasons. *See* MTD at 8-9, Def. Reply at 2-3. Instead of attempting to respond to these arguments head on by demonstrating any of the pleading requirements for a derivative suit, Plaintiff maintains, without sufficient justification, that this is a direct action rather than a derivative one. *See* Pl. Opp. ¶ 10. For the reasons discussed below, the Court determines that this is a derivative suit and that Plaintiff lacks standing.

#### A. Plaintiff Seeks to Bring a Derivative Suit

As an initial matter, the Court must determine whether the present action is a direct or a derivative suit. Under Delaware law, which Plaintiff alleges governs this case, a claim is direct, rather than derivative, only if the plaintiff asserts "either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder . . . which exists independently of any right of the corporation." *Brookfield Asset Mgmt. v. Rosson*, 261 A.3d 1251, 1271 (Del. 2021) (quoting *Kramer v. Western Pac. Indus., Inc.*, 546 A.2d 348, 351 (Del. 1988) (internal quotation marks omitted); *see also* Complaint ¶¶ 21-22, 39, 47-48, 58, 67, 90-91 (asserting that Delaware law governs this case or citing to Delaware law). Here, Fagan, an alleged shareholder of Nanologix, seeks remedies for alleged breaches of duties owed by individuals to the corporation, which had the effect of injuring the shareholders as a class. *See generally* Complaint ¶ 1; *see also id.* ¶ 93 ("Plaintiff, cognizant of the need to safeguard not only his own interests *but also those of the broader shareholder community* and the corporation's long-term wellbeing, respectfully requests the following remedies") (emphasis added).

Not only does Fagan specifically mention the interests "of the broader shareholder community," he also fails to allege any injuries or violated rights that are unique to him. To be sure, he makes conclusory arguments that he suffered from "distinct" injuries separate from those of the corporation or shareholders; but he does not specify what those allegedly "distinct" injuries are. *See* Pl. Opp. ¶¶ 10, 12, 15, 17. For instance, he makes no allegations that he was party to a specific contract. Nor does he allege that any lies were told only to him. Instead, all the injuries he mentions in his Complaint are injuries to the corporation as a whole that indirectly befell all shareholders in proportion to their investments in the corporation. In other words, Plaintiff has alleged "an injury to [Nanologix], and [Plaintiff] is affected *through* [Nanologix], by virtue of his ownership of equity." *In re Radnor Holdings Corp.*, 564 B.R. 467, 484 (D. Del.), *aff'd*, 706 F. App'x 94 (3d Cir. 2017). That Fagan elsewhere describes his own case as a "direct action" (Compl. ¶ 1) is of no consequence. *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004) (noting that a plaintiff's own classification of the suit is not binding on the court).

Accordingly, Plaintiff—despite his own labeling of the action—seeks to bring a derivative suit.

### B.  Plaintiff Lacks Standing to Bring a Derivative Suit

Having established that this is a derivative suit, the Court next considers whether Plaintiff has satisfied the pleading requirements for such a suit. The Court finds that Plaintiff lacks standing to bring this derivative suit for at least three independent reasons.

First, Plaintiff failed to specify when he allegedly bought shares of Nanologix. Delaware law, which Plaintiff alleges governs this case, requires that Plaintiff demonstrate that he was "a stockholder of the corporation at the time of the transaction of which [he] complains or that [his] stock thereafter devolved upon [him] by operation of law." 8 Del. C. § 327. Plaintiff has failed to

specifically allege that he owned shares of Nanologix at the time of the alleged injuries. Instead, he alleges only that he bought shares of Nanologix at an unspecified time and that he owns shares today. Complaint ¶ 2 ("Plaintiff acquired shares in the Corporation and presently maintains his ownership interest until the present date."). Accordingly, Plaintiff has failed to establish standing to bring this derivative suit as a matter of Delaware law.

Second, Plaintiff has failed to meet several of the requirements set out in Federal Rule of Civil Procedure 23.1(b). Subsection 23.1(b)(1), similar to the Delaware law discussed above, requires that a derivative plaintiff "allege that [he] was a shareholder or member at the time of the transaction complained of, or that [his] share or membership later devolved on [him] by operation of law." Fed. R. Civ. P. 23.1(b)(1). As previously noted, Plaintiff has failed to meet this requirement because he only alleged that he bought shares of Nanologix at an unspecified time and that he owns shares today. Complaint ¶ 2. Subsection 23.1(b)(2) also requires a derivative plaintiff to allege that the action he commences "is not a collusive one to confer jurisdiction that the court would otherwise lack." Fed. R. Civ. P. 23.1(b)(2). Plaintiff does not appear to have made any such allegations, nor does he argue that he has in his briefing. And subsection 23.1(b)(3) also requires that a derivative complaint "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). Again, Plaintiff has made no such allegations.

Third, Plaintiff's criminal history and his lack of representation mean that he does not adequately represent the interests of shareholders as required by Federal Rule of Civil Procedure 23.1(a). Under this rule, the Court must assess whether Fagan can "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the

corporation[.]" Fed. R. Civ. P. 23.1(a). The Court notes that Plaintiff has been convicted by a jury of tax offenses and has plead guilty to theft. *See* Declaration of Matthew L. Lipper dated June 24, 2024 (ECF No. 15-1, Exs. 1-3, "Lippert Decl."). The State of New Jersey has also permanently enjoined Plaintiff from, among other things, "controlling and acting as an officer and/or director of an issuer offering for sale or selling any security to, from or within New Jersey" Lippert Decl., Ex. 4 at 9. The Court highlights this about Plaintiff because he now seeks, by bringing this derivative action, to step into the shoes of the corporation's directors. His past transgressions make him a poor candidate to do so. In any event, "[t]o determine adequate representation [under Rule 23.1(a)]: (1) the plaintiff's attorney must be qualified, experienced and generally able to conduct the litigation[.]" *Austar Int'l, Ltd. v. Austrapharma LLC*, 425 F. Supp. 3d 336, 350 (D.N.J. 2019). Plaintiff does not have an attorney, nor is he one himself.

In short, Plaintiff does not have standing to bring this derivative suit because Plaintiff's pleadings suffer from numerous fatal flaws. Accordingly, this Court does not have jurisdiction over this claim.

## V.   CONCLUSION

For the reasons set forth above, the Faro Defendants' motion to dismiss Plaintiff's complaint is granted.[3]

**Accordingly, IT IS** on this 19th day of February, 2025

**ORDERED** that the Faro Defendants' motion to dismiss (ECF No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED** without prejudice; and it is further

---

[3] The Court notes that Plaintiff attached a proposed order to show cause to the Complaint. ECF No. 1-2. Given this Opinion and Order, and in the interest of judicial efficiency, that request is deemed moot.

**ORDERED** that Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint to attempt to correct the deficiencies identified herein. Insofar as Plaintiff submits an amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the original complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case.

**SO ORDERED.**

                                                                                            */s/ Claire C. Cecchi*
                                                                                            **CLAIRE C. CECCHI, U.S.D.J.**