**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------

**C.A. No. 2:24-cv-06012-CCC-CLW**

THOMAS FAGAN,

Plaintiff,

v.

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

BRET T. BARNHISER, NANOLOGIX, INC.,
DR. JONATHAN FARO, DR SEBASTIAN FARO,

Defendants

---------------------------------------------------

**TO THE HONORABLE COURT:**

Plaintiff, Thomas Fagan, proceeding on his own behalf, respectfully submits this Motion for Reconsideration of the Court's Order (ECF No. 23) granting Defendants' Motion to Dismiss, pursuant to Local Civil Rule 7.1(i). Plaintiff seeks reconsideration on the grounds that **(1)** the Court erred in classifying the action as derivative and dismissing it for failure to satisfy the demand requirement under Federal Rule of Civil Procedure 23.1(b)(3), **(2)** Given that all directors and officers of Nanologix had resigned prior to the initiation of this action, and the corporation was voided in 2018, Plaintiff asserts that a derivative claim was impossible to pursue, and therefore, the action should be recognized as a direct claim, and **(3)** the Faro Defendants lack standing to argue this action must be derivative. .

## I. STANDARD FOR RECONSIDERATION

A motion for reconsideration under Local Civil Rule 7.1(i) is appropriate when the moving party demonstrates: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

## ARGUMENT

### A. The Court Erred in Classifying This Action as Strictly Derivative

Under Delaware law, a claim is derivative only when the harm is suffered primarily by the corporation and the remedy would flow to the corporation. Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1035 (Del. 2004). However, an exception exists where an action may be direct if the corporation no longer has a functioning governance structure to remedy the harm. See In re Direct Gen. Corp. S'holders Litig., 2020 WL 5121170, at *12 (Del. Ch. Aug. 31, 2020) ("[W]here no corporate authority remains to remedy the alleged wrongs, courts have recognized that shareholders may need to proceed with direct claims to vindicate their rights.").

In situations where a corporation has been voided and lacks a functioning board of directors, Delaware courts have recognized that shareholders may pursue direct legal action to address grievances. This approach acknowledges the impracticality of derivative claims when there is no board to which a demand can be made.

In re Puda Coal, Inc. Stockholders Litigation, the Delaware Court of Chancery addressed a scenario where the company's board was incapable of acting on behalf of the corporation.

Chancellor Strine emphasized that requiring shareholders to make a demand on such a board would be futile, stating:

> ***"To suggest that a stockholder has to ask the Puda board to file the lawsuit would be to turn the law into a joke."***

This case illustrates that when a corporation is incapacitated—due to void status or the absence of officers and directors—shareholders are permitted to initiate direct actions to protect their interests. Therefore, Delaware law provides mechanisms for shareholders to pursue direct actions when a corporation is voided, and the board of directors is nonexistent or unable to fulfill its duties.

In the present case, Plaintiff was unable to satisfy the demand requirement under Rule 23.1(b)(3) because Nanologix's board of directors and officers had completely resigned prior to Plaintiff filing suit, and the corporation itself was voided by the State of Delaware in 2018. Since there were no corporate fiduciaries left to respond to a demand and the corporation no longer existed as a legally recognized entity, compliance with Rule 23.1(b)(3) was impossible. Delaware courts have excused demand when such a request would be futile. See Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984); see also Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993) ("A court must determine whether the board could have properly exercised its independent and disinterested business judgment in responding to a demand.").

Additionally, under Delaware law, all shareholders must be notified of a derivative action. Given that Nanologix has no remaining officers or directors, Plaintiff has no means to obtain a shareholder list or notify shareholders. This further demonstrates that a derivative remedy is unavailable, reinforcing Plaintiff's need to proceed with a direct claim.

**B. The Court's Dismissal Was Based Solely on its Derivative Classification and Must Be Reconsidered**

The Court's order dismissing the complaint was entirely predicated on its determination that this case is derivative in nature. In its reasoning, the Court dismissed the action solely because Plaintiff allegedly failed to meet the requirements for a derivative suit under Delaware law and Federal Rule of Civil Procedure 23.1. However, this rationale does not apply if the action is direct.

Having classified this suit as derivative, the Court then found three procedural deficiencies—all of which relate exclusively to derivative claims:

1. **Failure to Specify Ownership at the Time of the Transaction** – The Court ruled that Plaintiff did not adequately allege that he owned shares at the time of the wrongful acts, relying on 8 Del. C. § 327 and Fed. R. Civ. P. 23.1(b)(1). This requirement applies **only to derivative actions** and is irrelevant to a direct claim.
2. **Failure to Meet Rule 23.1(b) Requirements** – The Court cited Plaintiff's failure to allege non-collusive jurisdiction (Rule 23.1(b)(2)) and failure to show a demand on directors or an excuse for demand futility (Rule 23.1(b)(3)). Again, these are **procedural hurdles only applicable to derivative lawsuits** and do not apply to a direct action.
3. **Failure to Satisfy the Demand Requirement** – The Court held that Plaintiff did not allege an effort to obtain relief from the Board or an excuse for failing to do so. This presupposes a functioning corporate board, which does not exist in this case due to the corporation's void status.

Since the dismissal was entirely based on these derivative procedural rules, if the Court reconsiders its classification of the action as direct, then all the Court's stated grounds for dismissal disappear. The Court has not ruled on the substantive validity of Plaintiff's claims, and therefore, reconsideration is warranted to allow the case to proceed as a direct claim.

**C. The Corporation Was Properly Named and Served, Yet Failed to Respond**

Nanologix was named as a defendant in this action and was properly served through its agent in Delaware. Despite proper service, Nanologix failed to file an answer or otherwise respond to the complaint. This further underscores the absence of any corporate governance structure that could have addressed Plaintiff's concerns through a derivative action, thereby reinforcing the necessity of proceeding with a direct claim.

**D. Defendants Lack Standing to Argue This Action Must Be Derivative**

The Faro Defendants, as individuals, lack standing to argue that Plaintiff's claims must be asserted derivatively. Standing to challenge whether a claim is derivative or direct typically rests with the corporation itself. Where a corporation has been voided and lacks a governance structure, **individual defendants cannot invoke derivative procedural requirements as a defense.** See In re Puda Coal, Inc. Stockholders Litig., 2013 WL 6461399, at *16 (Del. Ch. Dec. 9, 2013) (noting that where a company has no board to act, derivative procedural rules should not prevent shareholders from seeking relief). As there is no functioning entity to assert procedural objections, the Defendants' arguments regarding derivative standing must be disregarded.

**E. The Court Should Permit Plaintiff to Proceed with a Direct Claim**

Given the lack of a functional Nanologix board, the impossibility of shareholder notification, and the corporation's voided status, the requirement for a derivative demand should be excused. Plaintiff respectfully requests that the Court reconsider its ruling and allow this action to proceed as a direct claim.

### F. The Court Must Clarify Whether Derivative Action Rules Will Be Excused

If the Court declines to vacate its dismissal order and continues to classify this action as derivative, Plaintiff intends to retain counsel to amend the complaint accordingly. However, given that **Nanologix was voided in 2018, lacks any corporate governance structure, and no longer has a functioning Board** and Plaintiff has no access to the shareholder list, it is **impossible** for Plaintiff to comply with the **demand requirements under Fed. R. Civ. P. 23.1(b)(3) and Delaware law.**

The **key question before the Court** is: *How can this case proceed as a derivative action if it is impossible for Plaintiff to comply with the procedural requirements governing derivative suits?*

Without clarification, the Court's classification of this action as derivative **effectively denies Plaintiff any means of pursuing a claim**, which would be unjust. If the Court maintains its derivative classification, it must provide guidance on whether it intends to excuse these procedural requirements or how Plaintiff can comply with them given the corporation's nonexistence.

### G. Request for Oral Argument

Pursuant to Local Civil Rule 78.1, Plaintiff respectfully requests oral argument on this motion. Given the complexity of the legal issues involved, oral argument would assist the Court in fully evaluating the factual and legal circumstances surrounding this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Reconsideration and permit this case to proceed as a direct action. Because the Court's dismissal was predicated entirely on its classification of the case as derivative, reconsideration is warranted.

If the Court recognizes that Plaintiff's claims are direct, then the previously cited procedural barriers to standing under Rule 23.1 and Delaware corporate law become irrelevant, and the case must be reinstated against all Defendants.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Reconsideration and permit this case to proceed as a direct action.

Respectfully submitted February 23, 2025

Thomas J Fagan
Plaintiff, Pro Se