**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. FAGAN, | Civil Action No.: 24-06012 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| BRET T. BARNHISER, NANOLOGIX, INC., DR. JONATHAN FARO, DR. SEBASTIAN FARO, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court by way of *pro se* Plaintiff Thomas J Fagan's motion for reconsideration (ECF No. 24) regarding this Court's previous dismissal of Plaintiff's Complaint (ECF No. 1), which appeared to assert claims against Defendants Dr. Jonathan Faro and Dr. Sebastian Faro for breach of fiduciary duty, misrepresentation, and gross mismanagement. *See* ECF No. 23.  Defendants opposed the motion (ECF No. 28-2), and Plaintiff replied.  ECF No. 29.  Also before the Court is Defendants' motion for sanctions (ECF No. 28), which Plaintiff opposed.  ECF No. 29.  For the reasons set forth below, Plaintiff's motion for reconsideration is denied and Defendants' motion for sanctions is denied.

**WHEREAS** on February 19, 2025, this Court dismissed Plaintiff's Complaint without prejudice on the grounds that (1) he was asserting a derivative action and (2) he lacked standing to do so.  ECF No. 23; and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation modified).  Such a motion "may not be used to relitigate old matters, nor to raise arguments or

1

present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); and

**WHEREAS** the Court will reconsider a prior order only where a different outcome is justified by (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *5 (D.N.J. Aug. 16, 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *Id.* at *6 (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Mere 'disagreement with the Court's decision' does not suffice" to show a clear error of law. *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); and

**WHEREAS** Plaintiff has not identified any intervening change in controlling law nor has he cited newly available evidence. Thus, reconsideration is only appropriate if the Court made a clear error that must be corrected or to prevent manifest injustice. *See Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2006 WL 8458226, at *1 (D.N.J. Jan. 26, 2006); and

**WHEREAS** Plaintiff claims that the Court made two errors of law. First, he asserts that the Court erred in classifying the action as derivative because it would be impossible to pursue such a claim when all directors and officers of Nanologix had resigned and the corporation had been voided. ECF No. 24 at 1–2. Second, he contends that the Defendants lack standing to argue that this action must be derivative. *Id.* at 1, 5; and

2

**WHEREAS** in support of these arguments, Plaintiff cites two cases that do not appear to exist.[1]  Plaintiff has otherwise provided no legal precedent that would allow this Court to determine that it made a clear error.  *See Gibbs-Squires v. Cosby*, No. 16-768, 2017 WL 5515952, at *1 (E.D. Pa. Mar. 17, 2017).  In any event, Plaintiff's two arguments appear to lack merit.[2]  Accordingly, he has failed to meet the high burden for reconsideration and his motion is denied; and

**WHEREAS** Defendants notified the Court that Plaintiff's motion had cited two apparently nonexistent cases.  ECF No. 25.  Defendants suggested that the Court order Plaintiff to show cause why sanctions should not be imposed.  *Id.* at 2.  Plaintiff subsequently withdrew

---

[1] Plaintiff cites *In re Direct Gen. Corp. S'holders Litig.*, 2020 WL 5121170 (Del. Ch. Aug. 31, 2020) and *In re Puda Coal, Inc. Stockholders Litig.*, 2013 WL 6461399 (Del. Ch. Dec. 9, 2013). *See* ECF No. 24 at 2–3, 5.  Neither Westlaw citation leads to these cases (nor do they lead to any case at all).  The Court could not locate any case captioned *In re Direct Gen. Corp. S'holders Litig.*  And although the Court located opinions in a case titled *In re Puda Coal Securities Inc., Litigation*, that case proceeded in the Southern District of New York, not in Delaware state court. *See, e.g.*, *In re Puda Coal Secs. Inc. Litig.*, No. 11-2598, 2013 WL 5493007 (S.D.N.Y. Oct. 1, 2013).  Further, the Court could not locate any opinion in this case that corresponded to the date cited by Plaintiff.

[2] First, Plaintiff argues that no derivative claim can be brought as the corporation was voided for failure to pay franchise taxes.  *See* ECF No. 24 at 2–3; ECF No. 1 ¶ 1.  But the court in *Marshal T. Simpson Trust v. Invicta Networks, Inc.* found that such a situation does not permit a Plaintiff to reclassify derivative claims as direct. 249 F. Supp. 3d 790, 794–95 (D. Del. 2017). Additionally, courts have rejected the theory that a derivative action can be brought as a direct action "when a corporation is 'no longer operating as a going concern.'"  *Id.* at 795 (quoting *Winer Family Tr. v. Queen*, 503 F.3d 319, 338 (3d Cir. 2007)).  Second, Plaintiff contends that Defendants, "as individuals, lack standing to argue that Plaintiff's claims must be asserted derivatively," because "[s]tanding to challenge whether a claim is derivative or direct typically rests with the corporation itself."  ECF No. 24 at 5.  However, "defendants other than the corporation whose rights the shareholder plaintiffs are seeking to vindicate may successfully raise the defense of failure to comply" with the procedural rules for bringing derivative claims. *In re Earned Cap. Corp.*, 331 B.R. 208, 224 (Bankr. W.D. Pa. 2005) (quoting *Shlensky v. Dorsey*, 574 F.2d 131, 142 (3d Cir. 1978)).  Therefore, both of Plaintiff's arguments appear to lack merit.

reliance on these citations and apologized to the Court, Defendants, and their counsel.  ECF No. 27 at 1; and

      **WHEREAS** Defendants have moved for sanctions against Plaintiff.  ECF No. 28. Defendants propose either converting the Court's previous dismissal order into one with prejudice or imposing monetary sanctions on Plaintiff.  ECF No. 28-2 at 11–13; and

      **WHEREAS** "[w]ithout question, it is improper and unacceptable for litigants – including *pro se* litigants – to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. New York City Dep't of Educ.*, No. 24-4232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)). While some Courts have opted to sanction *pro se* litigants for this conduct, others have chosen to warn, rather than sanction, in these situations.  *Sanders v. United States*, 176 Fed. Cl. 163, 170 (Fed. Cl. 2025).   Given that upon notice by Defendants Plaintiff withdrew reliance on the nonexistent cases and apologized, the Court finds that monetary sanctions would be excessive. Instead, the Court admonishes Plaintiff for his improper conduct and warns that he will be subject to sanctions, including monetary penalties, should he do so again in the future. Nonetheless, the Court initially provided Plaintiff with a thirty-day period to file an amended complaint.  And given Plaintiff's *pro se* status, the Court will allow him one more opportunity to re-plead his Complaint.

      **IT IS** on this 16th day of September, 2025;

      **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 24) is **DENIED**; and it is further

      **ORDERED** that Defendants' motion for sanctions (ECF No. 28) is **DENIED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order and the Court's prior Opinion and Order dismissing his Complaint. ECF No. 23. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

**SO ORDERED.**

*s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**